[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant is the owner of a warehousing complex located on Railroad Avenue in Beacon Falls, Connecticut. He rented one of the areas in that complex to H. George Caspari, Incorporated, a New York corporation. This area contained 36,160 square feet of area. Exhibit C of this lease, among other items, stated: "Work to be completed by landlord: Floor area to be coated with gray epoxy, per sample picked by Caspari Co." This is found in Defendant's CT Page 6613 Exhibit 3.
On August 19, 1991, the plaintiff submitted to the defendant a proposal to do said work, reading in party as follows:
Scope of Work:
 Item #1 — Floor Ceiling approx. 35,200 sq. ft.:
A. Acid etch entire floor area.
 B. Apply (1) full coat of epoxy coating Duralkote (special coating is 100% epoxy and is odorless.
 Price for acid etch floor area and apply (1) coat epoxy coating $21,000.00 This language is found in Plaintiffs Exhibit A.
On December 9, 1991, the plaintiff submitted to the defendant an invoice reading as follows:
 The following invoice is submitted for sealing floors and painting interior warehouse building as outlined on Item of our Proposal dated August 19, 1991.
Scope of Work:
Item #1 — Floor Ceiling approx. 35,200 sq. ft.:
A. Acid etch entire floor area.
 B. Apply (1) full coat of epoxy coating Duralkote (special coating is 100% epoxy and is odorless.
Price for acid etch floor area and apply (1) coat epoxy coating.
 Price for Item #1 $21,000.00 6% CT State Tax 1,260.00 ---------- Total Amount of Invoice $22,260.00
This language is found in Plaintiff's Exhibit B. CT Page 6614
When the invoice dated December 9, 1991 was not paid, the plaintiff submitted to the defendant another invoice in an effort to settle the matter as follows:
The following invoice dated February 10, 1992 is past due please mail payment.
 Price for Item #1 $16,000.00 6% State Tax 960.00 ---------- Total Amount of Invoice 16,960.00
This language is found in Defendant's Exhibit 2.
This latter invoice was not paid and the instant suit was filed in court on December 3, 1992.
The defendant does not deny that the work was done but in a counterclaim alleges that the work was not properly done. He alleges that large sums of money would have to be spent to correct the work done and therefore he claimed money damages. The plaintiff denied these allegations in a Reply. The court heard the matter on December 11, 23 and 29, 1994 and with the parties and their counsel viewed the area at issue at a later time. These alleged defects were pointed out to the court in its view of the premises.
In fact, no corrective work had been done prior to the viewing by the court and the defendant has not incurred any expenses in that regard.
The tenant, H. George Caspari, Incorporated, moved into the leased premises shortly after the defendant finished its work and has occupied them to date.
Defendant's Exhibit 4 was introduced to prove that the defendant gave the tenant, H. George Caspari, Incorporated, a credit of $2,000. This had nothing to do with the controversy between the plaintiff and the defendant, is irrelevant to the issue in the case and is disregarded by the court. The facts of this issue are found in Paragraph 16 of the undated rider to the lease between the defendant and said tenant in Defendant's Exhibit 4.
Judgment accordingly may enter for the plaintiff to recover of the defendant $22,260 (as set out in Plaintiff's Exhibit B) plus CT Page 6615 interest from December 9, 1991 and costs and for the plaintiff on the counterclaim.
Thomas O'Sullivan Trial Referee